## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made on December 21, 2015 between:  Ralph Noyes, (hereinafter referred to as "Defendant") and the Plaintiff Victor Soto (hereinafter "Plaintiff") in the case that is currently pending against Defendant in the United States District Court for the Western District of Tennessee.

### I.    PURPOSE

1.1    This Agreement is made as a compromise and final settlement of disputed claims brought by Plaintiff for alleged violations by Defendant of the Fair Labor Standards Act ("FLSA"), for the time period from November 12, 2012, respectively: through the date of complete execution of this Settlement Agreement and Release for Plaintiff.

### II.    DEFINITIONS

2.1    "Case" shall mean the case that is Civil Action No. 2:15-cv-02737 in the United States District Court for the Western District of Tennessee.

2.2    "Court" shall mean the United States District Court for the Western District of Tennessee.

2.3    "Defendant" shall mean Ralph Noyes, and all of his respective or former agents, employees, officers, directors, members, owners, partners, shareholders, consultants, attorneys, successors, and insurers, (collectively the "Released Party").

2.4    "Parties" shall mean the Plaintiff and Defendant.

2.5    "Agreed Order of Dismissal with Prejudice" shall mean the Order, filed jointly by Plaintiff' Counsel and Defendant' Counsel in the Case, seeking dismissal of the Case with prejudice. A copy of an unexecuted Agreed Order of Dismissal with Prejudice is attached hereto as Attachment A.

2.6    "Relevant Time or Relevant Time Period" shall mean from November 12, 2012, respectively: through the date of complete execution of this Settlement Agreement and Release for Plaintiff.

### III.    SETTLEMENT OF DISPUTES

3.1    This case was brought as an individual action under the FLSA. The Plaintiff alleges the Defendant violated applicable wage and hour law by failing to properly pay overtime and/or by not compensating employee for all hours worked. The case seeks, among other relief, overtime pay, liquidated and other damages, attorneys' fees, and equitable relief.

3.2    Defendant denies that he violated applicable wage and hour law or any other law, requirement, or common-law principles or otherwise treated Plaintiff improperly regarding the payment of wages or compensation for time worked.

3.3    The Parties have engaged in lengthy negotiations prior to reaching this settlement agreement. The Defendant operates as a solo legal practice that, during the relevant time, maintained only one employee, the Plaintiff. The Plaintiff has worked for the Defendant for approximately fourteen years and is familiar with all aspects of his business including his revenue and pay practices. Based on this familiarity, as well as pre-litigation efforts to settle between Plaintiff and Defendant, both parties were aware of all relevant information to inform an equitable settlement agreement.

3.4    The Parties desire to reach a full and final compromise and settlement of the Case and all claims that Defendant violated the provisions of the FLSA with respect to Plaintiff. The Parties acknowledge and agree that this Lawsuit involves bona fide disputed issues of law and fact including, but not limited to, whether the Plaintiff was properly paid overtime and/or compensated for all hours worked. All such issues were discussed at length during the course of the negotiations in this matter.  The Parties acknowledge and agree that given these bona fide disputes as to the

FPDOCS 30251991.2

issues of law and fact, this Agreement is the result of negotiation and compromise by the Parties as to the disputed issues and is a fair and reasonable settlement of Plaintiff's claims. The parties acknowledge that settlement of the Case is dependent upon and subject to the conditions for final settlement as outlined herein.

### IV.   COURT APPROVAL

4.1     The Parties agree that settlement of this Case is contingent upon the Court's approving the terms of settlement and entering the Agreed Order of Dismissal with Prejudice.  The Parties agree to jointly submit this Agreement to the Court for review, along with a joint request for approval of the settlement and dismissal of the Lawsuit.  In the event the Court requires the Parties to submit legal briefing and/or attend a hearing to obtain approval as to the reasonableness or fairness of the terms of settlement, the Parties agree to cooperate with respect to apprising the Court regarding the history of the case and terms of settlement.

### V.   FINANCIAL TERMS OF SETTLEMENT

5.1     In accordance with the provision below, Defendant shall pay Plaintiff and Plaintiff's Counsel, Donati Law, PLLC, a total sum not to exceed twelve thousand five hundred dollars and zero cents ($12,500.00) in full and complete settlement of any and all claims, fees, costs, and expenses that the Plaintiff or his Counsel have or may have against Defendant as a result of the allegations or claims as set forth in the Case. The funds shall be allocated and distributed as follows:

(a)     The Plaintiff will be paid a total of eight thousand one hundred dollars ($8,100.00) as settlement for disputed back wages owed and liquidated damages. Payment of this sum will be made on or before December 23, 2015, contingent upon Court approval of this settlement and a Court Order dismissing this case with prejudice. The Parties reached this amount by calculating each Plaintiff's disputed back

wages. The calculation was reached by taking the number of hours worked over 40 in each work week and multiplying that amount by half the regular rate. The regular rate was arrived at by taking the total compensation for a work week and dividing that remuneration by the total number of hours worked in a work week.   The payment of this amount shall be issued as follows:

(1)   One check for four thousand fifty and 00/100 ($4,050.00) dollars payable to Victor Soto as back wages from which withholdings shall be deducted and for which a W-2 shall be issued; and

(2)   One check for four thousand fifty and 00/100 ($4,050.00) dollars payable to Victor Soto as liquidated damages for which a 1099 (checked box 3 – other income) shall be issued.

(b)   Four thousand four hundred dollars ($4,400.00) shall be paid to Donati Law, PLLC, representing its attorneys' fees, costs, and other expenses for bringing this lawsuit, including the claims asserted under the Fair Labor Standards Act. Payment of this sum will be made on or before December 23, 2015, contingent upon Court approval of this settlement and a Court Order dismissing this case with prejudice.  The Donati Law firm will receive a separate IRS Form 1099 solely reflecting payment of this attorneys' fee and expense amount.

5.2   The amount for attorneys' fees, costs, and expenses as set forth in Paragraphs 5.1(a) – (b) is in full and complete settlement of all claims for attorneys' fees, costs, and expenses to be paid by Defendant to Plaintiff and Plaintiff' Counsel.

## VI.    RELEASE

6.1    In consideration for the funds allocated and/or received pursuant to this Agreement and for the other promises by Defendant herein, Plaintiff, on his own behalf, as well as for his collective heirs, assigns, trustees, guardians, receivers, administrators, executors, and agents, hereby settles, waives, releases and discharges all claims whatsoever against Defendant with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Plaintiff may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed.  Such claims that are hereby released include by way of example, but not limitation, all claims:

a.    arising from Plaintiff's respective employment with and separation from Defendant, including claims for any pay, wages, severance or severance pay, medical expenses, bonus, vacation, sick pay, notice pay, reimbursement of expenses, insurance, pay for unused benefits and all other terms and conditions of employment or employment practices;

b.    based on discrimination, retaliation or harassment on the basis of age, race, religion, sex or disability under the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964 (as amended), the Equal Pay Act, the Employee Retirement and Income Security Act of 1974 (as amended), the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, or any other federal, state or local anti-discrimination laws or common laws relating to discrimination in employment or otherwise regulating the employment relationship, or affecting the health or safety of employees in the workplace;

c.    based on any oral, written or implied contract, tort (such as negligent or intentional infliction of emotional distress, negligent retention or supervision, defamation,

fraud, slander, invasion of privacy, etc.), promissory estoppel, public policy, retaliation, or wrongful discharge theory; and

     d.     relating to any attorney's fees, interest or costs (except as provided in Paragraphs 5.1(b) –(c) above), including attorney's fees incurred in connection with any review of this Agreement by an attorney.

This Agreement does not release any right or claim of Plaintiff, which may arise after the date of this Agreement.

Plaintiff further agrees not to sue or to authorize anyone else to file a lawsuit on their own behalf against Defendant (or any of the other released parties) on any claims released herein. Plaintiff further agrees not to become a member of any class suing Defendant (or the other parties released) on any claims released herein. Plaintiff expressly acknowledges that this agreement does not relinquish any protected rights they may have under Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), the Americans with Disabilities Act ("ADA"), the Older Workers Benefit Protection Act ("OWBPA"), the Age Discrimination in Employment Act ("ADEA"), or the National Labor Relations Act ("NLRA") to file a charge, testify, assist or participate in any manner in an investigation, hearing or proceeding conducted by the Equal Employment Opportunity Commission, the Office of Federal Contract Compliance, or the National Labor Relations Board; however, Plaintiff agrees that he cannot recover additional compensation or damages as a result of that participation.

6.2     Further, Plaintiff, on his own behalf, as well as for his collective heirs, assigns, trustees, guardians, receivers, administrators, executors, and agents hereby releases and forever discharges Defendant, his parents, subsidiaries,  affiliates, and all of their respective present or former agents, employees, officers, directors, members, owners, partners, shareholders, consultants, attorneys, successors, insurers, and Defendant from any and all legal responsibilities,

6

claims, rights of action, causes of action, suits, liabilities, demands, and damages whatsoever he/they has/have or may purport to have against the released parties arising out of Plaintiff allegations that Defendant did not pay Plaintiff properly for his time worked, including but not limited to such claims under the Fair Labor Standards Act, and any other law, statute, regulation, or common law doctrine upon which Plaintiff might rely to recover damages for time worked. This Release shall apply to any and all such claims arising during the Relevant Time Period.

6.3     Plaintiff agrees and acknowledges this Settlement Agreement does not constitute any admission of guilt, fault, responsibility, wrongdoing, discrimination, or liability on the part of Defendant or any of the Released Parties. Plaintiff agrees and acknowledges that Defendant deny all allegations of improper or unlawful conduct or liability based on any claims, disputes, charges, complaints, or lawsuits covered by this Agreement, including this Case.

6.4     Defendant acknowledges that federal and state laws prohibit retaliation against employees who participate in wage litigation, and Defendant fully intends to comply with all federal and state laws prohibiting retaliation.

6.5     Plaintiff acknowledges that Defendant has not made any representations concerning the taxability of consideration paid pursuant to this Agreement.  Plaintiff acknowledges that any and all tax consequences are solely the responsibility of Plaintiff, and that Defendant will comply with its duty to report Plaintiff's receipt of cash consideration to the Internal Revenue Service and to all other appropriate agencies or authorities.  To the extent the consideration is taxable within the meaning of any federal or state tax codes, Defendant assume no liability for any required tax payments and/or consequences of cash consideration paid.

## VII.     DISMISSAL OF THE CASE

7.1     The Parties further agree that upon the execution of this Agreement, Counsel for Plaintiff and Counsel for Defendant shall execute an Agreed Order of Dismissal with Prejudice in

7

the form attached hereto as Attachment A, and that such Agreed Order of Dismissal with Prejudice will be submitted promptly for entry by the Court, following approval of the settlement, if any.

## VIII.   MISCELLANEOUS

8.1    As a condition precedent to the assertion by any party of any default or breach under this Agreement, such party shall give notice to the other reciting the nature of the claimed default or breach and the specific facts upon which the claim is based, and shall allow the other party fifteen (15) days from the receipt of such notice within which to cure such claimed default or breach. If any default shall occur and be continuing, the non-defaulting party may protect and enforce its rights under this Agreement as it deems appropriate, including proceedings for specific performance of any covenant or agreement contained herein, and the non-defaulting party may enforce the payment of any obligations due hereunder or enforce any other legal or equitable right contained herein. All rights, remedies, and powers conferred upon the parties in the Agreement shall he deemed cumulative and not exclusive of any other rights, remedies, or powers provided in this Agreement or that the parties otherwise may have at law or in equity.

8.2    If any provision of this Agreement shall be held invalid or unenforceable, the remainder of this Agreement shall nevertheless remain in full force and effect. If any provision is held invalid or unenforceable with respect to particular circumstances, it shall nevertheless remain in full force and effect in all other circumstances. Moreover, the Court may modify the offending provision to the minimum extent necessary to render it enforceable. No waiver of any term or condition of this Agreement or any part hereof on one occasion shall be deemed a waiver of any other terms or conditions of this Agreement or any later breach of the same term or condition.

8.3    Should any questions arise as to the construction or interpretation of this Agreement, this Agreement shall be construed and interpreted according to the laws of the State

of Tennessee.  Any action brought to enforce any terms of this Agreement shall be brought in a court of competent jurisdiction located in Shelby County, Tennessee.

8.4     This Agreement represents the full, integrated agreement of the Parties and can be modified or amended only by a writing signed by Plaintiff, Plaintiff's Counsel, Defendant, and Defendant's Counsel. This Agreement is the product of mutual drafting and negotiation between Plaintiff's Counsel and Defendant's Counsel on behalf of the Parties. Accordingly, the rule of *contra proferentum* (construction against the drafter) shall not apply against either Party.

8.5     In the event any proceeding is brought to enforce the terms of this Agreement, the prevailing party shall recover against the other party its reasonable attorneys' fees and expenses incurred in connection with such action.

## IX.     CERTIFICATION

9.1     The signatories hereto certify they are authorized to execute this Agreement on behalf of their respective parties. The parties understand the facts or law may be different than they presently understand or believe, they are signing this Agreement voluntarily, and they are not relying on any oral or other statements in signing this Agreement.

9.2     The Parties to this Agreement acknowledge it reflects their good-faith compromise of the claims raised in the Case based upon their respective assessments of the mutual risks and costs of further litigation.

9.3     By signing this Agreement, the Parties certify they have read and understand the Agreement, and they have had an opportunity to consult with their respective attorneys concerning the Agreement.

FPDOCS 30251991.2

PLAINTIFF, Victor Sofe

Date: _____

DEFENDANT, Ralph Noyes

Date: 1/14/16

APPROVED:

Donati Law, PLLC
Plaintiff's Counsel

By: _____

Date: 1/20/16

Fisher & Phillips LLP
Defendant's Counsel

By: _____

Date: 1/21/16